# EXHIBIT B

February 4, 2011

Request for a Determination

by the

Designated NRC Ethics Official

Background

Talisman has been engaged by counsel for Caldon to provide expert support to them in an ongoing antitrust and unfair competition lawsuit against Westinghouse /AMAG.[1] One of the issues involved is related to NRC's approval and subsequent disapproval of the Westinghouse CROSSFLOW ultrasonic flow meter. Neither the NRC nor any other government agency is involved in this lawsuit.

The initial NRC approval of the Crossflow flow meter was in 2000, based on technical claims that Westinghouse was ultimately not able to substantiate or verify. In 2003, it became evident to the NRC that there were problems with the Crossflow meter due to reports that some nuclear power plants were operating for extended periods of time above their licensed power levels. In addition, the NRC had been following up on technical concerns that had been identified by Caldon[2]. In 2007, the NRC withdrew its approval of the Topical Report for the Westinghouse Crossflow flow meter. Since the NRC disapproval, there have been no additional Crossflow flow meters installed in an operating nuclear power plants in the US pursuant to power uprate amendment issued by the NRC.

Talisman Support

Talisman support for Caldon's lawyers is being provided by Tom Martin, Jerry Wermeil, Jim Lieberman and myself. Tom and Jerry were directly involved in the NRC re-review of the Crossflow meter and the decision to withdraw the NRC approval of the Crossflow flow meter. Tom was the Director of the Division of Safety Systems in NRR and Jerry was the Deputy Director of the Division of Safety Systems in NRR. However, Tom retired in 2007 before the final decision was made to disapprove the Topical Report. Jim and I were not involved in the Crossflow issue while at the NRC. Talisman was requested to review the documents that had been provided to Caldon in discovery and to provide an expert report evaluating the completeness and accuracy of the communications between Westinghouse and the NRC. This review covered the period prior to the submittal of the initial Topical Report to the NRC for approval up until the NRC decision to withdraw its approval in 2007.

---

[1] DOCA COMPANY, as successor to Caldon Company Limited Partnership, vs ADVANCED MEASURMENT & ANALYSIS GROUP, INC. and WESTINGHOUSE ELECTRIC COMPANY LLC. Civil Action No. 04-1951
[2] Caldon is a competitor to Westinghouse for flow meters and provides a flow-measuring meter that remains approved by the NRC.

1


EXHIBIT B

Based on the documents reviewed, Talisman prepared an Expert Report[3] that expressed an opinion on the completeness and accuracy of the information that had been provided to the NRC by Westinghouse and identified the potential consequences if the NRC staff had known what we learned during our review. Caldon's counsel has provided that report to Westinghouse's counsel and to the presiding Judge in its Motion for Leave to File an Amended Complaint, submitted on July 30 2010. The Talisman expert report is confidential and the record in this proceeding is sealed by court order.

Westinghouse Assertion

Westinghouse's counsel has just recently asserted the claim that the Talisman individuals supporting Caldon are prohibited from providing an expert report in this civil litigationby the provision of 18 CFR 207. In an email to Caldon counsel Westinghouse counsel stated:

> ... Pursuant to section 207(a)(1) and applicable regulations, Messrs. Martin and Wermiel, as former NRC employees, are permanently barred from providing expert testimony in this case on matters in which they participated personally and substantially during their government service, including the NRC's multi-year review of the theoretical engineering bases and technical capabilities of CROSSFLOW. Under section 207 and the related regulations in 5 C.F.R., a former NRC employee cannot provide expert testimony on matters in which he was involved as a government employee.
>
> Courts have prevented former federal government employees from providing expert testimony in cases where, as here, the purported expert testimony involves a post-hoc evaluation of matters in which they personally and substantially participated as government employees. *See, e.g., Goodeagle v. United States*, No. CIV-09-490-D, 2010 WL 3081520 (W.D. Okla. Aug. 6, 2010). The Talisman Report itself admits that Messrs. Martin and Wermiel were "directly and significantly involved" in the NRC's review of CROSSFLOW while they were NRC employees. Similar admissions can be found in their deposition testimony from last March.
>
> Please note that even if Mr. Lieberman was not involved in the NRC's review of CROSSFLOW while employed by the NRC, he aided and abetted Messrs. Martin and Wermiel in their preparation of the Report. So, too, did Talisman. The statute also addresses those who aid and abet. See 18 U.S.C. § 2 ; 5 C.F.R. § 2641.103, note.

Requested Determination

We do not think there is any prohibition that would apply to the Talisman individuals identified in the Westinghouse assertion and request an NRC determination in order to promptly resolve this issue. I note that Mr. Charles Mullins represented both Tom and Jerry during their depositions by Westinghouse for the actions and decisions that they made while NRC employees. He has an overall awareness of the issues that are covered in the lawsuit. NRC has expressed no interest beyond supporting former NRC employees during their deposition about the actions and decisions that they made as NRC employees.

---

[3] EXPERT REPORT OF THOMAS MARTIN, JARED WERMIEL, AND JAMES LIEBERMAN, dtd. July 19, 2010.

The NRC has completed its review of the technical issues in dispute concerning the Westinghouse Topical Report and made its decision to withdraw NRC's approval in 2007. To our knowledge, no further NRC action is currently pending.

In addition, Caldon is only seeking money damages in this case and the NRC will not be bound by any determination made in the litigation.

We request a determination that the NRC does not have "a direct and substantial interest " in the matter for which Talisman has been retained by Caldon and that the NRC does not object to any of the Talisman personnel, including Martin and Wermeil, providing expert testimony in the litigation.

If you have any questions or need any additional information, please do not hesitate to contact me.

Thanks for your prompt attention.

Hugh L. Thompson, Jr.

Vice President

Talisman Intl LLC