# EXHIBIT C



**UNITED STATES**
**NUCLEAR REGULATORY COMMISSION**
WASHINGTON, D.C. 20555-0001

OFFICE OF THE
GENERAL COUNSEL

February 10, 2011

Hugh L. Thompson
Vice-President
Talisman International, LLC
1000 Potomac Street, NW
Washington, DC 20007

      RE: DOCA COMPANY v. Advanced Measurement & Analysis Group, Inc., and
      Westinghouse Electric Company, LLS

Dear Mr. Thompson:

This is in response to your request for a determination whether the submission of an expert report to the U.S. District Court authored by three Talisman International employees who previously were employed by the U.S. Nuclear Regulatory Commission (NRC) was a violation of the post-employment law. 18 U.S.C. § 207(a)(1). This opinion is based on the information you provided, including your summary of the facts. The opinion may change if the facts are not as represented in your information. I also spoke with members of the NRC technical and legal staff who are familiar with this matter.

According to your summary, Talisman has been engaged by the legal counsel for DOCA to provide expert support in the above-referenced case, which is pending before the United States District Court for the Western District of Pennsylvania.

On July 30, 2010, plaintiff's counsel submitted to the Court, as an Exhibit in a Motion to File an Amended Complaint, a report entitled, "Expert Report Related to the Crossflow Ultrasonic Flow Measurement Device." This report was prepared by Thomas Martin, Jared Wermeil, and James Lieberman who are employees of Talisman and former NRC employees. The report contains the personal views of these individuals and was not coordinated with the NRC. Because the NRC has not seen the report, the agency expresses no views regarding the report's conclusions.

The report relates to the Westinghouse CROSSFLOW Ultrasonic Flow Measurement Device. It is an evaluation of the completeness and accuracy of the communications between Westinghouse and the NRC relating to the NRC approval of a Topical Report for the Westinghouse CROSSFLOW ultrasonic flow meter. The report covers the period prior to the submittal of the initial Topical Report to the NRC in 1999 until the NRC decision to withdraw its approval in 2007.

NRC technical and legal staff informed me that they do not expect that this litigation would result in any NRC actions, nor would the litigation have any other effect on the NRC or, to their knowledge, on any other entity of the United States Government. You have stated that the plaintiff is not seeking any ruling, benefit, approval, or other discretionary action from the NRC in this litigation.



EXHIBIT
C

Mr. Thomas Martin served at the NRC as Director, Division of Safety Systems, Office of Nuclear Reactor Regulation, until his retirement in 2007. Mr. Jared Wermiel served as Deputy Director of that Division. Mr. Wermiel retired in April 2009. While serving in those positions, both Mr. Martin and Mr. Wermiel were personally and substantially involved in the NRC re-review of the CROSSFLOW meter and the NRC decision to withdraw approval of the flow meter. Mr. James Lieberman served as Special Counsel, Office of the General Counsel, NRC, until his retirement in 2004, but had no involvement in this matter while employed by the NRC.

The post-employment law prohibits a former Federal employee from (1) knowingly, with the intent to influence, making any communication to or appearance before (2) an employee of the United States (3) on behalf of any person, other than the United States, (4) in connection with a particular matter involving a specific party or parties, (5) in which the former employee participated personally and substantially as an employee, and (6) in which the United States is a party or has a direct and substantial interest. 18 U.S.C. 207(a)(1). All of these elements must be present to constitute a violation.[1]

The sixth requirement for a violation is that United States is either a party to or has a direct and substantial interest. The United States is not a party nor has a direct and substantial interest merely because a Federal statute is at issue or a Federal court is serving as the forum for resolution of the matter. To determine whether the United States is a party or has such an interest, the regulations provide that all relevant factors must be considered, including whether a Federal agency or component has a financial interest in the matter; the matter is likely to have an effect on the policies, programs, or operations of any agency; an agency is involved in any proceeding associated with the matter; and the agency has more than an academic interest in the outcome of the matter. 5 C.F.R. 2641.201(j).

Based on discussions with NRC staff and the information you provided, it is my opinion that there is no evidence that the NRC or another Federal entity is a party or has a direct and substantial interest in this case under the determining factors in the post-employment regulations. Therefore, I do not find any evidence that Mr. Martin, Mr. Wermiel, or Mr. Lieberman violated the post-employment law, and the NRC has no objection to these individuals providing expert support in the above referenced litigation.

Please feel free to contact me if you have any questions or wish to discuss this further.

Sincerely,

John L. Szabo
Special Counsel for Ethics and Administrative Law

---

[1] The post-employment restrictions on former employees who terminated Federal service within one or two years also require that the former employee participated personally and substantially while a Federal employee in a particular matter involving parties in which the United States is a party or has a direct and substantial interest.