**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DOCA COMPANY, as successor to** ) | |
| **Caldon Company Limited Partnership,** ) | |
| ) | |
| **Plaintiff and** ) | |
| **Counterclaim Defendant,** ) | |
| ) | |
| v. ) | **Civil No. 04-1951** |
| ) | |
| **WESTINGHOUSE ELECTRIC** ) | |
| **COMPANY, LLC, and ADVANCED** ) | |
| **MEASUREMENT & ANALYSIS** ) | |
| **GROUP, INC.** ) | |
| ) | |
| **Defendants and** ) | |
| **Counterclaim Plaintiffs.** ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Westinghouse has filed a "Motion to Enforce May 2011 Case Management Order or, in the Alternative, to Modify the May 2011 Case Management Order to Allow Plaintiff to Serve Rebuttal Expert Reports Prior to the Taking of Expert Depositions." ECF No. 281. Westinghouse requests that we order that Plaintiff not be permitted to file a rebuttal expert report in accordance with the Case Management Order, or that Plaintiff is permitted to file an expert report, but any such report must be filed prior to the taking of expert depositions. Plaintiff has filed a Reply to Westinghouse's motion in which it counters that counsel cannot determine if a rebuttal report is necessary until after the depositions of two of Westinghouse's experts because these two experts' reports "do not contain enough information from which an adequate rebuttal report can be prepared." DOCA's Reply, ECF No. 282, at ¶ 5. In addition, Westinghouse has filed a Reply to Plaintiff's Reply. ECF No. 283.

Westinghouse is correct that the May 2011 Case Management Order does not indicate a time frame for filing of rebuttal expert reports, but that does not mean that rebuttal expert reports are not permitted under the Order. Because the Order is silent as to rebuttal expert reports we look to Federal Rule of Civil Procedure 26(a)(2)(D)(ii), which provides that any rebuttal expert reports are to be disclosed "within 30 days after the other party's [expert report] disclosure." Fed.R.Civ.P. 26(a)(2)(D)(ii). The Westinghouse expert reports were due no later than November 14, 2011, and November 17, 2011, respectively. Westinghouse avers that it timely disclosed its expert reports, therefore if Plaintiff wishes to introduce a report "intended solely to contradict or rebut evidence on the same subject matter identified by" Westinghouse's experts, it must do so within 30 days of Westinghouse's disclosures. Fed.R.Civ.P. 26(a)(2)(D)(ii).

Based on the correspondence attached to Westinghouse's motion, the scheduled expert depositions are to occur after the Rule 26(a)(2)(D)(ii) due date for rebuttal expert reports. Therefore the rebuttal reports should be available prior to the depositions. Generally, providing the rebuttal expert report before experts are deposed is practical. This will reduce the need to recall an expert. In addition, the Federal Rules contemplate that the determination as to whether a rebuttal expert report is necessary be based on the opposing party's expert report – not the expert's deposition.

While Plaintiff is correct that it is not uncommon that rebuttal expert *testimony* is not known until after an expert has testified at trial, the specific issue before the court concerns Plaintiff filing rebuttal expert *reports*. It is possible that information learned in an expert deposition will convince a party that a rebuttal expert report is needed. If that occurs in this case the parties can either resolve the issue of rebuttal reports or file an appropriate motion with the court.

To the extent that Plaintiff indicated in its Reply that Westinghouse failed to provide pertinent information with the two above-mentioned expert reports, we expect that counsel will be able to resolve these issues without involvement of the court. If counsel cannot resolve these issues without court involvement then Plaintiff should file a formal discovery motion.

Finally, we find it premature to make a ruling on the timing of hypothetical rebuttal expert reports given that Plaintiff is unable to determine if any such report will be filed. The court will take up any question concerning rebuttal expert reports when and if the issue becomes ripe. In the meantime, the parties should continue to proceed with expert discovery.

Accordingly, the following Order is hereby entered.

AND NOW, to-wit, this 7th day of December, 2011, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. Westinghouse's Motion to Enforce May 2011 Case Management Order (ECF No. 281) be and hereby is DENIED because the Federal Rules of Civil Procedure provide for the submission of rebuttal expert reports.

2. Westinghouse's Alternative Motion to Allow Plaintiff to Serve Rebuttal Expert Reports Prior to the Taking of Expert Depositions (ECF No. 281) be and hereby is DENIED. Any rebuttal expert reports should be filed in accordance with Federal Rule of Civil Procedure 26(a)(2)(d)(ii). Rebuttal expert reports submitted outside the time-frame of this Rule should be upon agreement of counsel or, if unable to agree, through the filing of a formal discovery motion.

Maurice B. Cohill, Jr.,
Senior United States District Court Judge