IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOCA COMPANY, as successor to Caldon Company Limited Partnership,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>WESTINGHOUSE ELECTRIC COMPANY, LLC, and ADVANCED MEASUREMENT & ANALYSIS GROUP, INC.<br><br>Defendants and Counterclaim Plaintiffs. | Civil No. 04-1951 |

## OPINION AND ORDER ON WESTINGHOUSE'S MOTION TO STRIKE

Defendants Westinghouse Electric Company, LLC and Advanced Measurement & Analysis Group, Inc. have filed seven separate motions for summary judgment or partial summary judgment with supporting briefs, to which Plaintiff DOCA Company (successor to Caldon Company Limited Partnership) has responded. Along with the summary judgment motions Defendants have filed separate concise statements of material fact and appendices. Plaintiff has responded to the Defendants' concise statements of fact with a consolidated response to Defendants' statements of fact, and a consolidated presentation of Plaintiff's statements of fact. ECF No. 336. There are six remaining summary judgment motions as we previously granted Defendants' Motions for Summary Judgment on Plaintiff's Conspiracy to Monopolize Claim. ECF No. 361.

Presently before the Court is Westinghouse's Motion to Strike Portions of Plaintiff's Consolidated Response to Defendants' Concise Statements of Undisputed Material Facts. ECF No. 340. Plaintiff has responded to the Motion to Strike and Defendants have replied to Plaintiff's Response. In addition, Plaintiff filed a motion, which we granted, to correct an error in its Response.

It is this Court's practice to rule on motions to strike concerning a motion for summary judgment at the time the motion is decided. This method is efficient because in the process of resolving a motion for summary judgment the Court necessarily makes determinations as to which properly supported facts are essential to the motion. In addition, the Court ignores statements of fact based on inadmissible evidence and ignores legal argument contained in a party's statements of fact. Where appropriate the Court may treat legal argument contained in a statement of fact as if set forth in a party's brief. Thus, in nearly all cases where a motion to strike a party's statement of fact has been filed the motion is deemed granted to the extent it is consistent with the opinion resolving the motion for summary judgment. Because there are multiple outstanding motions for summary judgment in this case we will resolve the motion to strike separately.

Westinghouse moves to strike various Paragraphs, footnotes, and clauses from Plaintiff's Response arguing that they are unsupported by citation to record evidence, consist of legal argument, and/or contain inadmissible statements in violation of Federal Rule of Civil Procedure 56 and Local Rules 56.B.1 and 56.C.1.c.

The call and response of the statements of fact required by our Local Rule 56.B.1 and 56.C.1 is a ripe framework for parties to argue their positions, rather than presenting a concise statement of essential facts. This is demonstrated with a disputed statement between the parties in this case.

The first disputed statement begins with Paragraph 21 of Westinghouse's statement of facts supporting its motion for summary judgment on Plaintiff's attempted monopolization claim. ECF No. 293.

> [**Defendant contends**:] 21. The UFM Uprate Market is characterized by "lumpy" sales (*i.e.*, a relatively small number of sales that are large in value, occur sporadically, and are unpredictable in terms of timing). *See* Ex. 1, at 3, 21; Ex. 18; Ex. 24, at 513:19-513:21; Ex. 25, at 522:13-523:12; Ex. 26, at 176:17-177:1; Ex. 27, at 265:4-265:22; Ex. 28, at 4-9; Ex. 29. For example, from 1999 through 2003, no sales occurred during many months, several sales clustered during certain months, there were often large gaps between months with sales, and the timing of sales was unpredictable. *See* Ex. 18; Ex. 28, at 4-9; Ex. 29.

Westinghouse's Concise Statements of Undisputed Material Facts, at ¶ 21. The fact asserted by Westinghouse is straightforward: "The UFM Uprate Market is characterized by "lumpy" sales." That is the fact Westinghouse has set forth that it contends is "essential for the Court to decide the motion for summary judgment, which [Westinghouse] contends [is] undisputed and material, . . ." L.R. 56.B.1. The remainder of Paragraph 21 appears to be a further explanation and/or interpretation of what "lumpy" sales are – but these statements are not essential facts in accord with the Local Rule. These explanatory statements are perhaps helpful and do not appear to be prejudicial to Plaintiff, but because of their inclusion they invite Plaintiff to respond in kind.

Indeed, Plaintiff's response indicates that it interpreted Defendants' Paragraph 21 to contain a misleading implication that required a response.

> [**Plaintiff responds**:] 21. The statement concerning "lumpy" sales is misleading to the extent that it implies that sales were not sufficiently regular to permit the discernment of clear trends. On the contrary, sales and

3

> market share statistics reveal a clear 3- or 4-year upward trend in CROSSFLOW market share and a clear corresponding decline in Caldon market share. See, [Plaintiff's] R[elevant] E[vidence] ¶¶ 69 and 70.

Plaintiff's Consolidated Response, at ¶ 21. Plaintiff neither explicitly admitted nor denied the statement of fact, but instead made an argument about what "lumpy" sales might mean in response to Westinghouse's assertion of what "lumpy" sales means.

As expected, Defendants reply to this response is similar.

> [**Defendant replies**:] 21 and 24. Caldon's reliance on market share trends is misleading and internally inconsistent. As discussed below in response to Caldon Response ¶¶ 25-35 and Relevant Evidence ¶ 70, Caldon has taken numerous inconsistent position on (a) the scope of its damages theory and (b) the timing of UFM sales, and hence for the calculation of market shares. Accordingly, Caldon's market share calculations are inherently unreliable and no jury could rely on them to determine whether Westinghouse had a dangerous probability of achieving a monopoly. The total number of sales for all UFMS for MUR uprates declined dramatically in 2003 relative to the immediately preceding years. Caldon's reliance on market share trends ignores the steep decline in aggregate UFM sales figures in 2003. *See* Dkt. 310 at Exs. 18, 28, and 29.

Westinghouse's Reply to Plaintiff's Consolidated Response, at ¶ 21.

To summarize, the asserted statement of fact is: "The UFM Uprate Market is characterized by "lumpy" sales." Plaintiff's response indicates that it concedes that this statement is accurate. Everything else should have been in the briefs. Both counsel have strayed from the statement of fact required under the Local Rules and have included legal argument and interpretation better suited to the briefs. As we have stated, the framework of the rules requiring concise statements of fact can easily devolve from its intended purposes into an additional opportunity for counsel to argue its case. Were we to examine each assertion of fact, its response, and reply for strict adherence to the rules we are confident we would find many similar innocuous and inconsequential violations.

4

Instead, as briefly explained above, we review the parties' legal arguments and supporting facts and determine for ourselves which facts are undisputed and material and thus essential to decide the motion. In doing so we ignore assertions of fact that are not properly supported or that rely on inadmissible evidence. We likewise ignore legal argument contained in the concise statements of fact and where appropriate treat the argument as if it were set forth in the party's brief. We caution counsel, however, that asserting legal argument in the concise statements of fact is no guarantee that it will be addressed by the Court.

With regard to Westinghouse's present motion we decline to add an extra layer of analysis to our resolution of the motions for summary judgment by conducting a separate point-by-point analysis on the parties' concise statements of fact. To the extent that any fact is necessary to a resolution of the summary judgment motion we will by necessity determine whether there is a genuine dispute of material fact.

To the extent that Plaintiff's statements of fact and response to Defendants' statements of fact are not properly supported or contain inadmissible statements we will not rely on such facts. To the extent that Plaintiff's statements of fact and response to Defendants' statements of fact contain legal argument and can properly be considered as a response to Defendants' motions we may consider such legal argument as if set forth in Plaintiff's briefs. We will likewise do the same as to Defendants' statements of fact and responses to Plaintiff's statements of fact.

Accordingly, we will grant Westinghouse's motion consistent with this Opinion and Order and in accord with the resolution of any subsequent opinions resolving the motions for summary judgment.

The following Order is hereby entered.

AND NOW, to-wit, this 20th day of November, 2012, it is hereby ORDERED, ADJUDGED and DECREED that Westinghouse's Motion to Strike Portions of Plaintiff's Consolidated Response to Defendants' Concise Statements of Undisputed Material Facts (ECF No. 340) be and hereby is GRANTED in part. The motion is granted consistent with this Opinion and Order and in accord with the resolution of any subsequent opinions resolving the motions for summary judgment.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.,
Senior United States District Court Judge